# IN THE COURT OF APPEALS OF IOWA

No. 17-0421
Filed September 27, 2017

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**DAVID MICHAEL HURST,**
　　　　Defendant-Appellant.

_____

　　　　Appeal from the Iowa District Court for Floyd County, Peter B. Newell, District Associate Judge.

　　　　The defendant appeals his conviction by guilty plea to third-degree theft and the resulting sentence. **AFFIRMED.**

　　　　Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

　　　　Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

　　　　Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

David Hurst appeals his guilty plea to third-degree theft and the resulting sentence, claiming he received inadequate information from the court and ineffective assistance of his counsel. Because Hurst fails to preserve error on any claims regarding the court and because the record is inadequate to address his ineffective-assistance claims, we affirm and preserve those claims for possible future postconviction relief.

## I. Background and Factual Proceedings.

On July 26, 2016, the State charged Hurst with theft in the third degree by trial information pursuant to Iowa Code sections 714.1(1) and 714.2(3) (2016). On September 13, Hurst pleaded guilty to the charged offense, and the trial court engaged in the following colloquy with Hurst:

> THE COURT: All right. Mr. Hurst, what you have been charged with is theft in the third degree, and that is an aggravated misdemeanor. It carries a maximum possible penalty of two years in an Iowa penal institution and a maximum possible fine of $6,250. This charge would carry with it a mandatory minimum penalty of a $625 fine. That fine could be suspended, meaning that you would not have to pay that. Mr. Hurst, in addition to those sanctions, the Court would be required to impose a $125 Law Enforcement surcharge. And if there is some restitution due, the Court would also have to order that you pay restitution. Do you have any questions about the maximum possible or the mandatory minimum penalties for this offense?
> THE DEFENDANT: No, Your Honor, I do not.
> THE COURT: And, Mr. Hurst, in order to be found guilty of theft in the third degree, the State would have to prove that you did take property that belonged to another person, that you had the intent to permanently deprive the person of that property. And then that's a normal theft. But then the degrees of theft are based on the value of the property involved. And if the State can prove that the property was in excess of $500, then it qualifies as a theft in the third degree. Do you understand what the State would have to prove in order to find you guilty of this offense?
> THE DEFENDANT: Yes, Your Honor, I do.

> THE COURT: All right. Is there a plea agreement, Mr. Tilton?
>
> MR. TILTON: Yes, there is, Your Honor.
>
> THE COURT: Would you state that for the record?
>
> MR. TILTON: Yes. The plea agreement in this matter is in exchange for the Defendant's plea of guilty to theft in the third degree, that he be sentenced to two years in prison. That that sentence be suspended. That he be placed on probation for a period of two years. That he be ordered to make restitution. That there would be a fine in the amount of $625 that would be suspended. That he be ordered to pay the Law Enforcement Initiative surcharge of $125 and the court costs and attorney fees in this matter.

The court found there was a factual basis for Hurst's plea, ordered a pre-sentence investigation report, and set a sentencing hearing for a later date. On the same day, the court filed a record of plea change detailing the defendant's guilty plea. The order stated:

> Defendant is advised by the Court pursuant to Rule 2.24, Iowa Rules of Criminal Procedure, that a Motion in Arrest of Judgment must be made not later than 45 days after plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction may be rendered, but in any case not later than five (5) days before the date set for pronouncing judgment. A Motion in Arrest of Judgment is an application by the Defendant that no judgment be rendered on a finding, plea, or verdict of guilty. A Defendant's failure to challenge the adequacy of a guilty plea proceeding by Motion in Arrest of Judgment shall preclude his or her right to assert such challenge on appeal.

Hurst did not file a motion in arrest of judgment. On March 14, 2017, the matter came on for a sentencing hearing. The court sentenced Hurst under the following conditions:

> I am going to go ahead and impose a two-year prison term. I am going to order that this run consecutive to the sentences that you received in Cerro Gordo County. I will impose a $750 fine, and I will suspend that; meaning, you're not required to pay that. You will have to pay a $125 Law Enforcement Initiative surcharge, as well as the court costs in this matter. I will order restitution in the

amount of $1,149.99 based on what the State is requesting at this time.

Hurst appealed.

## II. Standard of Review.

"We ordinarily review challenges to guilty pleas for correction of errors at law." *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). However, claims of ineffective assistance of counsel are reviewed de novo. *See State v. Liddell*, 672 N.W.2d 805, 809 (Iowa 2003).

## III. Discussion.

Hurst claims the district court erred by not informing him of the applicable surcharges related to the offense. Hurst also claims counsel was ineffective by failing to file a motion in arrest of judgment to challenge his guilty plea based on the court's lack of compliance with Iowa Rule of Criminal Procedure 2.8(2)(b) and because the court failed to discuss the effect on Hurst's federal immigration rights.

### A. Error Preservation.

The State claims Hurst failed to preserve error on his claim regarding the court's failure to inform him of the applicable surcharges.

The trial court must substantially comply with the requirements of rule 2.8(2)(d)(2) when accepting guilty pleas. *State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003) (stating "we employ a substantial compliance standard in determining whether a trial court has discharged its duty" under rule 2.8(2)). Rule 2.8(2)(d)(2) requires the court to address "[t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the

statute defining the offense to which the plea is offered." Iowa R. Crim. P. 2.8(2)(b); *see also Fisher*, 877 N.W.2d at 685. Substantial compliance requires the district court to identify each requirement within rule 2.8(2)(b). *See State v. Meron*, 675 N.W.2d 537, 542 (Iowa 2004). This includes a specific "disclosure of the applicable chapter 911 surcharges independent of information regarding the fines." *State v. Weitzel*, No. 16-1112, 2017 WL 1735743, at *5 (Iowa Ct. App. May 3, 2017) (citing *Fisher*, 877 N.W.2d at 685). "The claim turns on the conduct of the district court and whether the 'record shows that the trial court explained or referred to the [required information] in a manner reasonably intelligible to that defendant.'" *Id.* at *3 (alteration in original) (quoting *State v. Ballard*, 423 N.E.2d 115, 120 (Ohio 1981)).

Here, the district court explained the law enforcement surcharge. The court, however, did not discuss the section 911.1 surcharge with Hurst, nor did the State discuss the surcharge in its description of the plea agreement. The absence of a description of the applicable surcharges from the record does not substantially comply with rule 2.8(2)(b). *See Fisher*, 877 N.W.2d at 685 (explaining a fine or surcharge is a form of punishment that must be disclosed).

However, a defendant must file a motion in arrest of judgment to challenge the underlying plea. Iowa R. Crim. P. 2.24(3)(a). An exception to this error-preservation rule exists if the court fails to notify the defendant of the requirement of filing a motion in arrest of judgment, and in such cases, a defendant may challenge the guilty plea on direct appeal. *See State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980); *Weitzel*, 2017 WL 1735743, at *1. Notifying the defendant requires the court to "inform the defendant that any challenges to a plea of guilty

based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." Iowa R.Crim. P. 2.8(2)(d).

Here, the court stated, "[Y]ou have the right to file a motion called a motion in arrest of judgment. You could file that—or you could file that motion within 45 days of today's date, or in any case not later than five days before the date set for sentencing." In its written order, the court also informed Hurst that he must challenge the guilty plea through a motion in arrest of judgment, and Hurst's failure to challenge the plea through a motion in arrest of judgment precludes him from asserting the challenges on appeal. The court complied with rule 2.8(2)(d)'s requirement of providing adequate information regarding the necessity of filing a motion in arrest of judgment. Hurst's failure to file a motion in arrest of judgment is a failure to preserve Hurst's claims that the district court erred in providing adequate information before accepting his guilty plea.

**B. Ineffective Assistance.**

Hurst claims his counsel was ineffective for failing to file a motion in arrest of judgment because the court did not inform him of the appropriate criminal surcharges and federal immigration status implications. The State claims Hurst was not prejudiced.

To prove ineffective assistance of counsel, Hurst must prove by a preponderance of the evidence (1) counsel failed to perform an essential duty and (2) he suffered prejudice as a result. *See State v. Morgan*, 877 N.W.2d 133, 136 (Iowa Ct. App. 2016). The claim fails if either prong is not proved. *Id.*

To prove the first prong of this claim, Hurst must show counsel's performance fell outside the normal range of competency. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Starting "with the presumption that the attorney performed her duties in a competent manner," "we measure counsel's performance against the standard of a reasonably competent practitioner." *State v. Maxwell*, 743 N.W.2d 185, 195 195–96 (Iowa 2008). Although counsel is not required to predict changes in the law, counsel must "exercise reasonable diligence in deciding whether an issue is 'worth raising.'" *State v. Westeen*, 591 N.W.2d 203, 210 (Iowa 1999) (quoting *State v. Schoelerman*, 315 N.W.2d 67, 72 (Iowa 1982)). In accord with these principles, we have held that counsel has no duty to raise an issue that has no merit. *State v. Schaer*, 757 N.W.2d 630, 637 (Iowa 2008); *State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008) ("Counsel cannot fail to perform an essential duty by merely failing to make a meritless objection.").

Under the second prong, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Straw*, 709 N.W.2d at 138. "If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings." *Straw*, 709 N.W.2d at 133. When analyzing the prejudicial effect of several allegations of ineffective assistance of counsel, we "look to the cumulative effect of counsel's errors to determine whether the defendant satisfied the prejudice prong of the *Strickland* test." *State v. Clay*, 824 N.W.2d 488, 500 (Iowa 2012).

We have held that the omission or improper recitation of surcharges shall generally be preserved for postconviction relief where the claim is raised in the context of ineffective assistance of counsel. *See State v. Delacy*, No. 16-0827, 2017 WL 1735684, at *4 (Iowa Ct. App. May 3, 2017) (en banc). Our supreme court has also held, "An attorney fails to fulfill this duty when the attorney fails to advise a client of the immigration consequences of a plea." *Diaz v. State*, 896 N.W.2d 723, 728 (Iowa 2017).

Moreover, the record is insufficient to determine counsel's advice on the immigration consequences of the guilty plea, Hurst's citizenship status, or any resulting effects from the sentence. The record is also insufficient to determine the cumulative prejudicial effect. Accordingly, we cannot resolve the ineffective-assistance-of-counsel claims on direct appeal. *See Clay*, 824 N.W.2d at 494 (holding ineffective-assistance claims are ordinarily preserved for postconviction relief proceedings, especially "where the challenged action of counsel implicate trial tactics or strategy which might be explained in a record fully developed to address those issues"); *see also Straw*, 709 N.W.2d at 138 ("Under the 'reasonable probability' standard, it is abundantly clear that most claims of ineffective assistance of counsel in the context of a guilty plea will require a record more substantial than the one [available on direct appeal]."). Because Hurst raises issues that require further development of the record, we preserve those claims for possible future postconviction relief. *See Clay*, 824 N.W.2d at 501.

**AFFIRMED.**